# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) | 2:08-cr-365 |
| v. | ) |  |
|  | ) |  |
| MICHAEL JOSEPH COSTANZO, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM ORDER

Pending before the Court is Defendant Michael Costanzo's MOTION FOR BAIL (Document No. 551). The government has filed a response in opposition (Document No. 555). The Court has reviewed a transcript of the detention hearing conducted before Magistrate Judge Cathy Bissoon on November 24, 2008 and the motion is ripe for disposition.

The 27-count indictment in this criminal action alleges multiple drug conspiracies and names 35 persons as Defendants. If convicted, Costanzo faces a statutory minimum sentence of ten years imprisonment to a maximum of life imprisonment.

Defendant asks the Court to review and/or modify the detention order. Defendant's motion is less than one page in length and contains very few details. In summary, Costanzo contends that he is non-violent, does not have a significant criminal history and is not a flight risk because he will live with his parents in Bethel Park, Pennsylvania.

The government strenuously objects to Costanzo's request. The government asserts that the charges in the indictment generate a "presumption" in favor of pretrial detention and argues that the facts would justify Costanzo's detention even in the absence of such a presumption. The government points out that during the time Costanzo allegedly participated in the drug

conspiracy charged in this case, he was on bond in three separate state-court criminal cases. The government also points to wire-tapped conversations which indicate that Costanzo was a "central figure" in the conspiracy involving prescription medications charged in Count 27 of the indictment and also was involved in the cocaine side of the conspiracy. The government further points to Costanzo's extensive criminal history. In sum, the government contends that Costanzo represents a danger to the community and does not generate confidence that he will appear as required at future hearings if released.

The legal standards governing review of a magistrate judge's decision regarding pretrial detention were recently summarized as follows:

> This court exercises de novo review over the detention order entered by the magistrate judge. *See United States v. Delker*, 757 F.2d 1390, 1393-95 (3d Cir.1985). The magistrate judge's decision and reasoning is to be given careful consideration where a transcript of the detention hearing is available, id., even though the standard of review removes any obligation to accord deference to the magistrate judge's findings and decision. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir.1990). This court may make its independent determination based solely upon the evidence introduced at the prior hearing. *Delker*, 757 F.2d at 1395; *Koenig*, 912 F.2d at 1193 ("Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir.1991) (district court may base its findings on transcript of the hearings before the magistrate judge). Of course, it may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings.

*United States v. Farris*, 2008 WL 1944131, *7 (W.D. Pa. 2008).

De novo review does not require an additional evidentiary hearing. *United States v. Price*, 2008 WL 282347 *2 (W.D.Pa. 2008), *citing United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa.1994) (court may incorporate the records of the proceedings and the exhibits before the magistrate judge). The Court has reviewed the transcript of the proceeding conducted by Magistrate Judge Bissoon, considered the additional information and material set forth in

Defendant's motion, and concludes that a hearing is not necessary under the circumstances.

The principles governing the "presumption" of detention are as follows:

> Where the record reflects probable cause to believe the defendant has committed a crime of violence or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Bail Reform Act creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(e); *United States v. Perry*, 788 F.2d 100, 106 (3d Cir.1986). A defendant may rebut the presumption by presenting "some credible evidence" that he will not pose a threat to the community upon his release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir.1986) (to rebut the presumption "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community"), *citing United States v. Jessup*, 757 F.2d 378 (1st Cir.1985); *United States v. Giampa*, 755 F.Supp. 665, 668 (W.D.Pa.1990).

*U.S. v. Turner*, 2008 WL 4186212 *1 (W.D. Pa.. 2008).

In this case, the rebuttable presumption of "no bail" is triggered by the charges of a large-scale drug conspiracy. Costanzo faces a statutory *minimum* sentence of ten years imprisonment. Therefore, Costanzo must present credible evidence: (1) that he poses no threat to the community; and (2) that he will appear at trial. At the detention hearing, defense counsel recognized that Costanzo had a lengthy criminal history but argued that it was "little piddling state court stuff" and that he had now been "shocked into consciousness." Defense counsel asked that Costanzo be placed on house arrest with some element of drug rehabilitation. Magistrate Bissoon found that Costanzo had not rebutted the presumption that no condition would reasonably assure his appearance and the safety of the community. This Court agrees. Costanzo has not presented any "evidence" on the "danger to the community" prong, other than his own self-serving statements. Most strikingly, Costanzo was under three separate conditions of release imposed by the state courts when he allegedly engaged in the drug conspiracy charged in this case. There is no basis to conclude that the imposition of an additional set of conditions

of release by this Court would be any more effective in deterring further alleged criminal activity by Costanzo.

In accordance with the foregoing, Defendant Michael Costanzo's MOTION FOR BAIL (Document No. 551) is **DENIED**. The Order of Detention Pending Trial dated November 24, 2008 is affirmed and shall remain in full force and effect.

SO ORDERED this 20th day of March, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Troy Rivetti, AUSA
Email: troy.rivetti@usdoj.gov

Craig W. Haller, AUSA
Email: craig.haller@usdoj.gov

Stephen Begler, Esquire
Email: shbegler@aol.com