# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 2:08-cr-365 |
| v. | ) | |
| | ) | |
| MICHAEL JOSEPH COSTANZO, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Michael Costanzo's MOTION TO RECONSIDER DENIAL OF BAIL (Document No. 792). The government has filed a response in opposition (Document No. 798), and the matter is ripe for disposition.

After a detention hearing on November 24, 2008, Magistrate Judge Cathy Bissoon ordered that Costanzo be detained pending trial. On March 3, 2009, attorney Stephen Begler filed a Motion for Bail on behalf of Costanzo. The Court reviewed a transcript of the detention hearing held by Magistrate Judge Bissoon and issued a Memorandum Order on March 20, 2009, which denied the Motion for Bail and affirmed the original detention order. Attorney Charles Hoebler entered his appearance in this case on July 1, 2009 to replace Begler as Costanzo's counsel and filed the instant Motion to Reconsider Denial of Bail the next day.

The Motion to Reconsider acknowledges the "rebuttable presumption" that, based on the criminal charges against Costanzo, no conditions of release will reasonably assure the safety of the community such that Costanzo should be detained pending trial. Nevertheless, Costanzo contends that "additional evidence is available" that will support his request for pretrial release. Specifically, Costanzo avers that he will remain in the custody of his parents, will be employed through the Boilermakers Union, and will comply with any other restrictions imposed by the

Court. Costanzo seeks to present evidence of his good character, family ties, long-term educational and employment goals, and to address his prior criminal history. In sum, Costanzo asks the Court to reopen the detention hearing.

The government opposes the Motion for Reconsideration for two separate reasons. First, the government contends that Costanzo has failed to meet the standard to justify reconsideration – i.e., Costanzo does not argue that the Court committed legal error in the March 20, 2009 Memorandum Order and he does not point to material information that was not known at the time of the detention hearing. The government cites to *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991) (involving similar facts), which affirmed the court's decision not to reopen the detention hearing. Second, the government argues that the Court's decision to deny bond was correct, because Costanzo committed serious federal crimes while on bond in several other cases.

The Court agrees with the government, as to both reasons. 18 U.S.C. § 3142(f) provides: "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." As in *Dillon*, the information proffered in the Motion for Reconsideration is not the type of information that "was not known" to Costanzo. Indeed, similar information has previously been presented by Costanzo to the Court and was certainly available when he filed his Motion for Bail in March 2009.

In any event, the new information would not have a "material bearing on the issue" because the request for pretrial release would be denied on the merits. Indeed, Costanzo would have been detained even had the "rebuttable presumption" not been triggered. Costanzo is

charged with serious criminal conduct involving multiple drug conspiracies and faces a statutory minimum sentence of ten years imprisonment to a maximum of life imprisonment. He has an extensive criminal history and drug dealing represents an obvious threat to the safety of the community. During the time Costanzo allegedly participated in the drug conspiracy charged in this case, he was on bond in three separate state-court criminal cases. As the Court observed in its March 20, 2009 Memorandum Order: "There is no basis to conclude that the imposition of an additional set of conditions of release by this Court would be any more effective in deterring further alleged criminal activity by Costanzo."

In accordance with the foregoing, Defendant Michael Costanzo's MOTION TO RECONSIDER DENIAL OF BAIL (Document No. 792) is **DENIED**. The Order of Detention Pending Trial dated November 24, 2008 is affirmed and shall remain in full force and effect.

SO ORDERED this 15th day of July, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc: Troy Rivetti, AUSA
Email: troy.rivetti@usdoj.gov

Craig W. Haller, AUSA
Email: craig.haller@usdoj.gov

Charles Hoebler, Esquire
Email: chuck hoebler@yahoo.com